UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PARADIGM PROPERTY INVESTMENTS, LLC** <br>           Plaintiff <br><br> v. <br><br> **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** <br>           Defendant | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | **CIVIL ACTION NO.** <br><br><br> **JUDGE:** <br><br><br> **MAGISTRATE:** |

* * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, Paradigm Property Investments, LLC, through undersigned counsel, respectfully submits this Complaint upon information and belief:

## PARTIES

**1.**

Plaintiff, Paradigm Property Investments, LLC, is a Louisiana limited liability company domiciled in Tangipahoa Parish, Louisiana, which for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 is deemed a citizen of Louisiana.

**2.**

Defendant, Certain Underwriters at Lloyd's, London (hereinafter "Lloyd's") now is, and at all times relevant to this action was, a foreign insurer, with its principal place of business located in London, United Kingdom.

## JURISDICTION AND VENUE

**3.**

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy

1

exclusive of interest and costs exceeds $75,000. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district.

## FACTUAL ALLEGATIONS

**4.**

Plaintiff is the insured under Lloyd's Commercial Property Insurance Policy (Policy No. LOL012174) (hereinafter referred to as "the Policy") insuring the buildings and business personal property located at 495 Southwest Railroad Avenue, Ponchatoula, St. Tammany Parish, Louisiana (the "Property") from wind and storm loss or damage.

**5.**

The Policy contains a limit of $450,000, subject to a deductible, and a separate "Coinsurance" penalty. The Policy provides that Lloyd's "will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property." In such an event, the amount Lloyd's is obligated to pay is determined under the following steps:

(1) Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

(2) Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

(3) Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and

(4) Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

**6.**

As a result of a storm and wind occurrence on November 1, 2018, the Property sustained severe damage to the exterior, as well as water damage to the interior, including but not limited to damage to a metal roof, barrel style roof, gutters, flashing, ceilings, and walls.

**7.**

Plaintiff promptly reported the claim to Lloyd's who engaged Raphael & Associates ("RA") to inspect the damage and adjust the claim.

**8.**

Plaintiff also caused temporary repairs to be made to the Property in order to prevent further damage while its insurance claim was pending.

**9.**

On November 14, 2018, RA inspected the damage.

**10.**

On December 27, 2018, RA sent Plaintiff an unsigned proof of loss, stating that the total loss was $47,260.87, subject to reduction by approximately 47%, or $22,401.67, as a "co-insurance penalty" as well as the $2,500 deductible. RA also provided Plaintiff with a check for $22,359.22, and requested that Plaintiff execute the proof of loss.

**11.**

Plaintiff requested a copy of RA's repair estimate as well as an explanation of how the co-insurance penalty was calculated.

**12.**

Plaintiff received the repair estimate on January 18, 2019 which failed to include several items of obvious damage to the Property, including but not limited to damage to the barrel roof, and also misidentified damage to poly foam insulation as wet sprayed cellulose.

**13.**

Plaintiff did not receive the valuation report, on which the co-insurance penalty was allegedly calculated, until February 4, 2019.  The valuation report erroneously overvalued the Property at $1,260,780.17 and failed to include appropriate deductions from the valuation for site prep, foundation, underground utilities, and overhead and profit.

**14.**

Plaintiff engaged a contractor who provided repair estimates and valuation of the property.  On March 19, 2019 Plaintiff submitted these documents, along with a sworn proof of loss, to Lloyd's.  According to Plaintiff's adjuster, the total loss was over $171,879.69.

**15.**

Moreover, the Property's value is actually $1,174,290.73, less $214,312.25 for excludable costs, resulting in a value of $959,978.48 for purposes of the coinsurance calculation.

**16.**

Using the formula contained in the Policy, the coinsurance penalty should have been calculated at 41%, or $70,470.67.  Thus, including this penalty and the $2,500 deductible, Lloyd's owed Plaintiff a total of $98,909.02.

**17.**

Less the amounts previously paid, the outstanding balance due from Lloyd's is $76,549.80, plus interest, penalties, and attorney's fees.

**18.**

Plaintiff has attempted, without success, to resolve this dispute with Lloyd's.

**19.**

On April 3, 2019, RA rejected Plaintiff's sworn proof of loss without any reasonable justification or explanation.

**20.**

RA then agreed that it would meet with Plaintiff's contractor and an engineer to reinspect the Property on April 8, 2019.  RA failed to show up for the scheduled inspection and has not been in contact with Plaintiff since.  Lloyd's has failed to tender the additional sums due in accordance with Plaintiff's sworn proof of loss.

**21.**

On June 13, 2019, Plaintiff made a final demand upon Lloyd's to tender the outstanding balance due on the claim.  Lloyd's did not respond to this demand.

**22.**

In the meantime, additional weather events in February, April, and June have caused further leaking and water damage to the Property, despite Plaintiff's best efforts to make temporary repairs to the Property.

**23.**

Plaintiff has satisfied all terms and conditions of the policy.

**24.**

Lloyd's was provided with sufficient proof of Plaintiff's losses, but has refused to fully compensate Plaintiff in accordance with the terms of the Policy and Louisiana law.

**25.**

Lloyd's has acted in an arbitrary and capricious manner, and without reasonable basis or justification, in contravention of its duty of good faith and fair dealing in handling Plaintiff's claim.  Lloyd's has arbitrarily, capriciously, or without probable cause:

(a)  refused to pay benefits to which the Plaintiff is entitled under the terms of the Policy;

(b) delayed payments to which the Plaintiff is entitled under the terms of the Policy;

(c) failed to conduct a reasonable and/or timely investigation into Plaintiff's claim;

(d) failed to reasonably evaluate and review the information submitted to it or its agents;

(e) failed to make reasonable and timely efforts to settle the claim;

(f) failed to pay the amount due Plaintiff within sixty days after receipt of satisfactory proof of loss; and,

(g) such other acts or omissions as will be shown at the trial of this matter.

## COUNT I:  BREACH OF CONTRACT

**26.**

Plaintiff realleges each and every allegation set forth in the preceding paragraphs.

**27.**

The Policy is a binding insurance contract by and between Plaintiff and Lloyd's.

**28.**

Plaintiff complied with the Policy's terms and conditions; Plaintiff paid all premiums on the Policy; Plaintiff provided Lloyd's with all documents and records requested of it; and all conditions precedent to the Plaintiff's right to recover against Lloyd's under the Policy

have been met, satisfied, or waived.

**29.**

Lloyd's has made only partial payment of Plaintiff's loss and has failed or refused to pay Plaintiff in full for covered losses. Lloyd's has also incorrectly calculated the coinsurance penalty under the terms of the Policy.

**30.**

More than sixty (60) days have passed since submission to Lloyd's of Plaintiff's sworn proof of loss.

**31.**

Despite amicable demand, Lloyd's has breached the Policy by failing to fully perform the contract, including without limitation failing to promptly and fully adjust and pay all of Plaintiff's covered insurance claims, and failing to correctly calculate the portion of the loss due and payable by Lloyd's.

**32.**

Plaintiff has suffered damages as a result of Lloyd's breach of contract for which Lloyd's is responsible including but not limited to unpaid balance due on Plaintiff's claim, plus interest, and attorney's fees.

## COUNT II:  BREACH OF DUTY OF GOOD FAITH

**33.**

Plaintiff realleges each and every allegation set forth in the preceding paragraphs.

**34.**

By failing to pay all covered losses under the Policy as required by its terms and conditions, Lloyd's breached its contractual obligations to Plaintiff, the direct and proximate result

of which caused Plaintiff to sustain damages and losses in an amount to be proven at trial.

**35.**

In breaching the Policy, Lloyd's breached its corollary duties of good faith as contemplated by Articles 1759, 1983, 1996, and 1997 of the Louisiana Civil Code and other applicable laws. Lloyd's, therefore, is liable to Plaintiff for all foreseeable and unforeseeable damages that its conduct caused Plaintiff.

## COUNT III: STATUTORY PENALTIES AND ATTORNEY'S FEES

**36.**

Plaintiff realleges each and every allegation set forth in the preceding paragraphs.

**37.**

Lloyd's acted with actual knowledge or with reckless disregard of the lack of a reasonable basis in denying the claim, delaying payment of the claim, failing to make reasonable attempts to settle the claim, and failing to conduct a reasonable investigation into the claim and failing to reasonably evaluate the available information. The foregoing, as well as Lloyd's overall handling of this claim, was arbitrary, capricious, and without probable cause and amounts to a failure by Lloyd's to comply with its statutory obligations under La. Rev. Stat. §§ 22:1892 and/or 1973.

**38.**

As a result of its arbitrary and capricious failure to pay Plaintiff's claim within thirty (30) days of its receipt of satisfactory proof of loss, and other violations, Lloyd's is liable under La. Rev. Stat. § 22:1892(B)(1), in addition to the amount of the loss, for a penalty of 50% of the difference between the amount paid or tendered and the amount found to be due, as well as reasonable attorney fees and costs.

**39.**

As a result of its bad faith failure to pay within sixty (60) days of its receipt of satisfactory proof of loss, and other breaches of its duty of good faith, Lloyd's is liable under La. Rev. Stat. § 22:1973(C), in addition to all general and special damages, for a penalty of two times the damages sustained by Plaintiff.

**40.**

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff, Paradigm Property Investments, LLC, prays that this Complaint be deemed good and sufficient and after due proceedings are had that judgment be entered in its favor and against defendant, Certain Underwriters at Lloyd's, London, for all relief requested herein and for such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

*/s/Patrick S. McGoey*
Patrick S. McGoey, 23730
Andrea V. Timpa, 29455
McClain Schonekas, 36007
SCHONEKAS EVANS McGOEY & McEACHIN, LLC
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone:  504-680-6050
Facsimile:  504-680-6051
patrick@semmlaw.com
andrea@semmlaw.com

*Attorneys for Plaintiff, Paradigm Property Investments, LLC*